PER CURIAM.
¶ 1 Christopher Glodowski appeals a circuit court judgment convicting him of possession of child pornography. Glodowski contends that evidence obtained from a search of his home should be suppressed because the search warrant application failed to establish probable cause that evidence of child pornography would be found there. We disagree and affirm.
Background
¶ 2 According to the warrant affidavit, a state law enforcement agent received a CyberTipline report filed with the National Center for Missing and Exploited Children by Tumblr, Inc., a web site that allows users to upload images to share with other users. The CyberTipline report stated that, on October 9, 2014, images containing suspected child pornography were uploaded to a Tumblr account associated with the email address of samshields@msn.com from the Internet Protocol (IP) address of 166.147.103.71. Two of the suspicious images were confirmed to be child pornography. The CyberTipline report further showed that other material was uploaded or posted to the same Tumblr account on the same day from an IP address of 66.168.57.164.
¶ 3 The warrant affidavit explained that the investigating agent was unable to obtain additional information about IP address 166.147.103.71, but was able to determine that IP address 66.168.57.164 was assigned on October 9, 2014, to someone named Samantha Otte at a service and billing address of 522 South Street in Watertown. Otte informed the agent that her sister lived at the 522 South Street address with Glodowski, and that Otte allowed her sister to use Otte's name for internet service because her sister had bad credit. The agent corroborated information Otte provided by observing a vehicle registered to Otte's sister parked at the 522 South Street address.
¶ 4 On August 24, 2015, approximately ten and one-half months after the images of child pornography were uploaded to the Tumblr account, the agent obtained a warrant to search the 522 South Street premises, including computers and other computerized devices. While executing the warrant, officers found child pornography videos on an external hard drive.
¶ 5 Glodowski moved to suppress evidence obtained from the search. The circuit court denied the motion, and Glodowski subsequently pled guilty to one count of possession of child pornography.
Discussion
¶ 6 Glodowski argues that the warrant application failed to establish probable cause that evidence of child pornography would be found in his home. For the following reasons, we disagree.
¶ 7 Appellate courts "accord great deference to the warrant-issuing judge's determination of probable cause and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." State v. Higginbotham , 162 Wis. 2d 978, 989, 471 N.W.2d 24 (1991). "The duty of the court issuing the warrant is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before it, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Multaler , 2002 WI 35, ¶ 8, 252 Wis. 2d 54, 643 N.W.2d 437. "The test is not whether the inference drawn is the only reasonable inference. The test is whether the inference drawn is a reasonable one." State v. Ward , 2000 WI 3, ¶ 29, 231 Wis. 2d 723, 604 N.W.2d 517 (emphasis added).
¶ 8 Glodowski's more specific arguments can be summarized as follows. First, Glodowski argues that it was not reasonable to infer that the person who uploaded the images of child pornography onto the Tumblr account lived in his home. Second, Glodowski makes a staleness argument, contending that it was not reasonable to infer that evidence of child pornography would be found in his home ten and one-half months after the upload.[1] We reject both arguments.
¶ 9 We begin with Glodowski's argument that it was not reasonable to infer that the person who uploaded the images lived in his home. Glodowski does not dispute that the warrant application established that the same Tumblr account was used on the same day to 1) upload images of child pornography and 2) post or upload other material at an IP address assigned to the internet service account for Glodowski's home. Further, we perceive no dispute that these facts show a high probability that the person who uploaded the images used Glodowski's home internet service to upload other material on the same day. Glodowski nonetheless argues that there was a low probability that this person lived in his home.
¶ 10 We are not persuaded. We acknowledge, as Glodowski asserts, that many homes have wireless internet networks that may be accessed by visitors, or possibly other individuals nearby if the network is not password protected. However, we generally expect that the individuals most likely to use home internet service at any given time are the individuals who live there. Here, this means that, unless there are facts pointing to a different conclusion, the most likely scenario is that the person who uploaded the images of child pornography lived in Glodowski's home.
¶ 11 Glodowski argues that there are two such facts. First, Glodowski points out that the email address associated with the Tumblr account used to upload the images of child pornography was samshields@msn.com. However, it is reasonable to infer that individuals conducting illicit online activities often use email addresses that disguise their identities. We agree with Glodowski that the email address is a relevant fact, but we disagree that it is a particularly significant one. Second, Glodowski asserts that the use of two different IP addresses in the same day indicates that the person who uploaded the images was using a mobile device, most likely a cellular phone. However, Glodowski does not explain what information in the warrant affidavit might support this assertion. Regardless, we conclude that the possible use of a mobile device is not a significant factor in Glodowski's favor. It is common knowledge that mobile device users often use their mobile devices both inside and outside their homes.
¶ 12 We turn to Glodowski's staleness argument. As noted, Glodowski argues that it was not reasonable to infer that evidence of child pornography would be found in his home ten and one-half months after the images were uploaded. We reject this argument for the reasons below.
¶ 13 The concept of "[s]tale probable cause" has been summarized as follows:
Stale probable cause, so called, is probable cause that would have justified a warrant at some earlier moment that has already passed by the time the warrant is sought.
There is not, however, any dispositive significance in the mere fact that some information offered to demonstrate probable cause may be called stale, in the sense that it concerns events that occurred well before the date of the application for the warrant. If such past fact contributes to an inference that probable cause exists at the time of the application, its age is no taint.
State v. Gralinski , 2007 WI App 233, ¶ 27, 306 Wis. 2d 101, 743 N.W.2d 448 (quoting State v. Moley , 171 Wis. 2d 207, 213, 490 N.W.2d 764 (Ct. App. 1992) ). "As with any determination of probable cause to search on a warrant, the [staleness] determination must be made on a case-by-case basis." Multaler , 252 Wis. 2d 54, ¶ 38.
¶ 14 Here, the agent who drafted the warrant affidavit described his training and experience in internet and computer-based crimes. He stated that evidence of image files that were once "present" on a computer, "even momentarily," "is persistent in the sense that forensic examination of the computer hard drive may reveal evidence of all or part of the file still on the computer hard drive long after the file was present," including "after [the file] was affirmatively 'deleted' by the user." He further stated that forensic examiners have been able to locate such evidence "months and even years after the file was received at or 'active' on the suspect computer." These and other statements in the affidavit supported a reasonable inference that evidence will remain on other digital devices in a similar fashion. Based on these facts and the other facts already set forth, we are satisfied that the warrant affidavit supplied probable cause to search Glodowski's home for evidence of child pornography ten and one-half months after the images of child pornography were uploaded.
¶ 15 In arguing to the contrary, Glodowski points to the fact that there was only a single instance of uploading child pornography. Glodowski argues that this single upload cannot provide probable cause ten and one-half months later. We disagree because, as mentioned, there was probable cause to infer that the child pornography would be present ten and one-half months later and even one download of child pornography is an illegal act. For those reasons, Glodowski's argument goes nowhere.
¶ 16 Glodowski seeks to distinguish case law in which courts rejected staleness challenges by relying, in part, on warrant affidavits referring to child pornography "collectors" as having the proclivity to keep images of child pornography over long periods of time. See Gralinski , 306 Wis. 2d 101, ¶¶ 1-2, 26-33 ; see also, e.g. , United States v. Carroll , 750 F.3d 700, 703-08 (7th Cir. 2014). Quoting United States v. Coreas , 419 F.3d 151 (2d Cir. 2005), Glodowski asserts that "[t]he alleged 'proclivities' of collectors of child pornography ... are only relevant if there is probable cause to believe that [the suspect] is such a collector." See id. at 156. Here, for the reasons already discussed, we conclude that with or without probable cause to believe that someone in Glodowski's home was a "collector" within the meaning of this case law, there was probable cause to believe that evidence of child pornography would be found in Glodowski's home at the time law enforcement obtained the warrant.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

Glodowski asserts that the gap in time was a year when in fact it was approximately ten and one-half months. Regardless, the exact amount of time is not material to our analysis.